Ramos v Jahar (2024 NY Slip Op 06592)

Ramos v Jahar

2024 NY Slip Op 06592

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-07956
 (Index No. 517244/19)

[*1]Elizabeth Ramos, appellant, 
v
Mirza S. Jahar, et al., respondents.

Chaikin, PLLC (Wiese & Aydiner, PLLC, Mineola, NY [Si Aydiner], of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated June 23, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated June 23, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants established, prima facie, that the alleged injuries to the plaintiff's right knee, right shoulder, and lumbar region of her spine were degenerative in nature and not caused by the subject accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' radiologist that the alleged injuries were degenerative in nature (see Amirova v JND Trans, Inc., 206 AD3d at 602; Mnatcakanova v Elliot, 174 AD3d 798, 800; Zavala v Zizzo, 172 AD3d 793, 794; Cavitolo v Broser, 163 AD3d 913, 914).
In light of our determination, we need not address the parties' remaining contentions.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court